**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STARR INDEMNITY & LIABILITY
COMPANY, as Subrogee of Med-Trans, a
corporation and MED-TRANS
CORPORATION,

　　　　Plaintiffs-Appellees,

　v.

ROLLS-ROYCE CORPORATION and
ROLLS-ROYCE NORTH AMERICA
INCORPORATED,

　　　　Defendants-Appellants.

No.　16-17291

D.C. No. 4:14-cv-02100-BGM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding

Argued and Submitted May 16, 2018
San Francisco, California

Before:　WALLACE, N.R. SMITH, and FRIEDLAND, Circuit Judges.

---

　　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this choice of law case, Rolls-Royce appeals from the district court's determination that, under Arizona choice of law rules, Arizona (rather than Texas) law applies. We reverse in this interlocutory appeal.

Arizona follows the choice of law principles identified in the Restatement (Second) of Conflict of Laws. *Bates v. Superior Court*, 749 P.2d 1367, 1369 (Ariz. 1988). The Restatement identifies several factors to determine which forum has a more significant relationship with the parties. *See* Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971). One of these factors is the parties' principal place of business. *Id.* § 145(2)(c). In this case, the parties agree that Med-Trans Corporation's (Med-Trans) principal place of business is the dispositive factor in the choice of law analysis.

In the district court, the parties briefed the principal place of business issue under the "nerve center" test set forth in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), and the district court applied this standard in its choice of law analysis. On appeal, Appellees now argue that *Hertz* is not a binding case under Arizona law, so the court should apply a more "flexible" standard than the nerve center test. Although it is true that *Hertz* is not binding with respect to Arizona's choice of law analysis, the Supreme Court's rationale for adopting the nerve center test is persuasive. *Id.* at 92-95 (identifying rationales for the nerve center test including

2

simplicity and predictability). Moreover, Appellees conceded at oral argument that they have not offered any alternative test for determining principal place of business. Accordingly, we find no error in the district court's decision to use the nerve center test.

"We review de novo a district court's choice of law determination" but "[w]e review factual findings underlying a choice of law determination" for clear error. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001). Here the facts are undisputed, but we conclude that the district court erred in its application of the nerve center test to the undisputed facts in this case. *Hertz* holds that a corporation's principal place of business is generally its headquarters, where the top officers are located—the "center of *overall* direction, control, and coordination." *Hertz*, 559 U.S. at 92-93, 95-96 (emphasis added). Here, that location is Lewisville, Texas.

The district court acknowledged that Med-Trans' headquarters and top corporate officers were located in Texas. Nonetheless, the court determined that the Tucson, Arizona office was the corporate "nerve center," because this office conducted essential FAA regulatory work essential to Med-Trans' business. This decision was fundamentally inconsistent with the standard in *Hertz*. Although the work of the Tucson office is essential to the most visible aspect of Med-Trans'

3

corporate activities—conducting medical flights, *Hertz* makes clear that this is not a reason to supplant the corporate headquarters as the principal place of business. *See id.* at 95-96. Lewisville, Texas, is the clear "center of *overall* direction, control, and coordination" of Med-Trans' business—even accepting that Tucson plays an essential role in Med-Trans' sprawling operations. *Id.* at 96 (emphasis added). Thus, Texas law applies to the parties' dispute.

**REVERSED.**